Katherine GOOCH, b/n/f S. C. Gooch

v.

UNITED STATES of America.

Civ. A. No. 13224.

United States District Court
S. D. Texas,
Houston Division.

April 18, 1963.

Gordon Kroll, Houston, Tex., for plaintiff.

Woodrow Seals, U. S. Atty., and Morton L. Susman, Asst. U. S. Atty., Houston, Tex., for defendant.

INGRAHAM, District Judge.

On the 16th day of April, 1963, the above styled and numbered cause came on for trial by the Court, the plaintiff being represented by Gordon Kroll, Esq., defendant being represented by Morton L. Susman, Assistant United States Attorney, and evidence having been offered by both parties and the Court having been duly advised in the premises, now makes, enters and files the following Findings of Fact, Conclusions of Law, and Order for Judgment.

FINDINGS OF FACT

I

This action was brought ·under the provisions of Federal Tort Claims Act, 28 U.S.C. § 2671 et seq. S. C. Gooch is the father of plaintiff, KATHERINE GOOCH.

II

On or about April 26, 1960, at about 5:40 p. m. in the city of Houston, Harris County, Texas, in the 5300 block of Kenilwood, a public street, KATHERINE GOOCH, a minor female of about four years two months of age was injured in an accident involving a 1952 Dodge panel truck owned by the United States Post Office Department, an agency of the UNITED STATES OF AMERICA, the defendant. At the time of the accident the said truck was being operated by Jack Lierbo, an employee of the United States Post Office Department, who at the said time and occasion was acting within the course and scope of his employment as a postal driver for said Post Office Department.

### III

Said truck was proceeding in a westerly direction at a lawful rate of speed, approximately 25 to 30 miles per hour; the speed limit was 30 miles per hour. An automobile driven by one Elby Fikes was proceeding in an easterly direction on this street. There was a parked car on the north side of Kenilwood which was partly on the street and partly on the grass, there being no curb. The pavement is 20 feet wide. Weather was clear, street concrete. Lierbo observed a number of children playing with a go-cart on the south side of Kenilwood opposite the parked car. Lierbo slowed his mail truck to under 15 miles per hour and pulled to the right allowing the automobile driven by Mr. Fikes to pass; Lierbo then downshifted and began to accelerate, continuing in a westerly direction. The mail truck was moving about 15 to 18 miles per hour when it approached the heretofore mentioned parked car. Lierbo was aware that children were in the neighborhood because he observed the children playing opposite the parked car on the south side of Kenilwood; he further observed the entire area and did not see any other children. When the mail truck was nearly abeam the parked car, Lierbo saw the head of a child rapidly moving from in front of said parked car in a westerly direction into the street and into the path of his mail truck. Lierbo applied his brakes for an emergency stop and turned to the left in an effort to avoid hitting the child, but the truck did collide with the child, KATHERINE GOOCH, plaintiff herein. The child was struck by the right front extremity of the mail truck and suffered some injuries from the accident.

### IV

The mail vehicle was not defective in anywise mechanically.

### V

The postal driver, Jack Lierbo, was keeping a proper lookout and exercising ordinary care under the circumstances. He did not have time to blow the horn after seeing the child.

### VI

KATHERINE GOOCH, immediately before this accident, was playing on the west side and in front of the parked car; the trunk lid of the parked car was up.

### VII

KATHERINE GOOCH did not look before running into the path of the said mail truck; she had been warned and punished numerous times by her parents for running into the street without looking.

### VIII

Lierbo was unable to see KATHERINE GOOCH in time to avoid the accident; the situation was one where KATHERINE GOOCH darted from a place of concealment into the path of a moving vehicle.

### IX

█ The plaintiff has not established by a preponderance or greater weight of the evidence that Jack Lierbo was guilty of negligence under either the common law or statutory law of the State of Texas.

## CONCLUSIONS OF LAW

### I

This Court has jurisdiction of the subject matter of this action by virtue of Section 1346(b), Title 28 U.S.Code.

### II

The defendant, UNITED STATES OF AMERICA, is not liable in any respect to the plaintiff herein.

### III

█ KATHERINE GOOCH, being four years and two months of age at the time of the accident was incapable of exercising due care for her own safety and therefore as a matter of law was not and could not be guilty of contributory negligence.

### IV

That the injuries sustained by KATHERINE GOOCH were the sole result of an unavoidable accident.

## ORDER FOR JUDGMENT

It is hereby ORDERED that judgment shall be rendered:

1. Adjudging that plaintiff recover nothing under the complaint.

2. Dismissing plaintiff's complaint with prejudice and rendering final judgment in this action for defendant, defendant to recover its costs.